UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIANE GREENE,

    Plaintiff,

v.                                     Case No: 8:25-cv-270-CEH-LSG

ERIC HARPER, *et al.*,

    Defendants.
_____

## ORDER

This matter is before the Court on Defendant Grady Judd's Unopposed Motion for Rule 41(b) Dismissal and Final Judgment (Doc. 28).

In this 42 U.S.C. § 1983 action, Plaintiff, the personal representative of the Estate of Alex Greene, alleges constitutional violations by the City of Lakeland and members of the Lakeland Police Department in connection with Alex Greene's death. Doc. 25.

The original Complaint asserted various claims against Polk County Sheriff Grady Judd, in addition to the City of Lakeland and members of the Lakeland Police Department. Doc. 1. Sheriff Judd moved to dismiss for failure to state a claim. Doc. 21. Instead of responding to the motion, Plaintiff filed an Amended Complaint that did not assert any claims against Sheriff Judd. Doc. 25. Accordingly, Sheriff Judd was terminated as a defendant to this action, and the Court denied his motion to dismiss as moot. Doc. 26.

Sheriff Judd has filed a new motion to dismiss. In the new motion, he argues that the filing of an Amended Complaint that drops the claims against him constitutes a failure to prosecute, warranting dismissal pursuant to Fed. R. Civ. P. 41(b). Doc. 28. He therefore asks the Court to "dismiss him as a party and to enter final judgment in his favor." *Id.* at 2. Sheriff Judd states that Plaintiff does not oppose the relief he requests. *Id.*

Despite the unopposed nature of Sheriff Judd's motion, it is due to be denied-in-part. First, to the extent Sheriff Judd seeks to be dismissed as a party from this action, this has already occurred. Sheriff Judd was automatically terminated as a party to this action when the Amended Complaint did not assert any claims against him. Accordingly, this aspect of his motion is moot. However, to the extent Sheriff Judd seeks a Court Order stating that he has been terminated as a party to this action, the Court will grant his motion to that limited extent.

Second, Sheriff Judd is not entitled to a final judgment in his favor. A final judgment is an appealable order that typically results from an adjudication on the merits or a dismissal with prejudice. *See, e.g.*, *Hood v. Plantation Gen. Medical Center, Ltd.*, 251 F.3d 932 (11th Cir. 2001); *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000). Indeed, a dismissal with prejudice is considered an adjudication on the merits that bars further action on the same claims in the same court. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001); *Citibank, N.A. v. Data Lease Financial Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990) ("The phrases 'with prejudice' and 'on the merits' are synonymous terms" for purposes of claim

2

preclusion). The relief Sheriff Judd requests would therefore amount to a dismissal with prejudice.

However, the Court did not reach the merits of Plaintiff's former claims against Sheriff Judd, and Plaintiff did not stipulate to dismiss those claims with prejudice when he declined to pursue them in the Amended Complaint. A dismissal with prejudice is appropriate under Rule 41(b) only where there is a "clear record of willful contempt and an implicit or explicit finding that lesser sanctions would not suffice." *Gratton v. Great Am. Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999); *see also Betty K Agencies, Ltd. V. M/V MONADA*, 432 F.3d 1333, 1339 (11th Cir. 2005) (dismissal with prejudice is "plainly improper" absent these two requirements). Neither requirement is present here. Accordingly, Sheriff Judd is not entitled to a final judgment in his favor and this aspect of his motion is due to be denied.

It is **ORDERED**:

1. Defendant Grady Judd's Unopposed Motion for Rule 41(b) Dismissal and Final Judgment (Doc. 28) is granted-in-part and denied-in-part.
2. The motion is granted to the extent that the Court acknowledges that Defendant Grady Judd has been terminated as a party to this action.
3. The motion is otherwise denied.

**DONE** and **ORDERED** in Tampa, Florida on September 9, 2025.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties