UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIANE GREENE, as Personal
Representative of the Estate of ALEX
GREENE,

     Plaintiff,

v.                                                    CASE NO. 8:25-cv-00270-CEH-LSG

ERIC HARPER, individually;
TOM CONNOR, individually; and
CITY OF LAKELAND.

    Defendants.

_____/

## MOTION FOR PROTECTIVE ORDER AND
## INCORPORATED MEMORANDUM OF LAW

Defendants Eric Harper, Tom Connor, and the City of Lakeland (collectively, "Defendants"), pursuant to Fed. R. Civ. P. 26(c) move for a protective order preventing the deposition[1] of Sammy L. Taylor, Chief of the Lakeland Police Department. Protection is warranted on the grounds that, as Lakeland Police Department's highest-ranking member, Chief Taylor is an "apex" deponent who, in the specific factual context of this case, does not possess unique direct knowledge of any facts which cannot be obtained by other less intrusive means of discovery and, therefore, should not be subject to deposition.

---

[1] Notice of Taking Zoom Deposition of Sammy Taylor is attached as Exhibit A.

## MEMORANDUM OF LAW

Defendants seek a protective order against the taking of Chief Taylor's deposition pursuant to Rule 26(c)(1).  Courts routinely recognize that it may be appropriate to limit or preclude depositions of high-ranking officials, often referred to as "apex" depositions, because "high[-]level executives are vulnerable to numerous, repetitive, harassing, and abusive depositions, and therefore need some measure of protection from the courts."  Goines v. Lee Mem'l Health Sys., No. 2:17-CV-656-FTM-29CM, 2018 WL 3831169, at *4 (M.D. Fla. Aug. 13, 2018) (collecting cases); see Jet Blast, Inc. v. Blue Lake Serv., LLC, 348 F.R.D. 706, 709 (N.D. Fla. 2025); see also Rocker v. City Of Ocala, Fla., 355 F. App'x 312, 314 (11th Cir. 2009) (holding that the trial court did not abuse its discretion in preventing the deposition of the Sheriff where plaintiff in § 1983 case failed to show the Sheriff "had unique knowledge about her case" and the Sheriff made all of the involved officers available for deposition).

Thus, when a party seeks the deposition testimony of an "apex" deponent, courts consider 1) whether the deponent has unique first-hand, non-repetitive knowledge of facts at issue in the case and 2) whether the party seeking the deposition has exhausted other less intrusive discovery methods.  See Goines, 2018 WL 3831169, at *4; see also Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979) (protective order granted barring deposition of president of drug company because he lacked direct knowledge of the facts in dispute, and other employees had more direct knowledge); McMahon v. Presidential Airways, Inc., No. 6:05CV1002-ORL28JGC, 2006 WL 5359797, at *2 (M.D. Fla. Jan. 18, 2006) ("An officer at the apex of the corporation

can only be deposed if he or she has unique knowledge or the subject matter requested in deposition was pursued unsatisfactorily through less intrusive means").[2]

Where the requesting party fails to meet this burden, courts generally prohibit the deposition. For example, in Dart Industries, Inc. v. Acor, the court precluded the defendants from deposing the executive vice president of the plaintiff's parent company because the defendants failed to show that the officer had "unique" knowledge about disputed matters in the case. No. 6:06-CV-1864-ORL28DAB, 2008 WL 1995105, at *1 (M.D. Fla. May 7, 2008). Notably, the court found that the defendants did not carry their burden under the apex doctrine, even though they had demonstrated that the senior officer had some knowledge of facts relevant to the case, because the senior officer's knowledge must be *unique*. Id. ("Merely having some knowledge, however, is not sufficient to override the protections of the apex doctrine."). Likewise, in Chick-Fil-A, Inc. v. CFT Development, LLC, the court denied the defendant's motion to compel the deposition of the plaintiff's president because "[the] [d]efendants have failed to convince the Court that [the officer] possesses any unique or superior knowledge concerning any information which is relevant and material to the issues in this case or that [d]efendants have been unable to obtain full and complete discovery from [the plaintiff's] representatives, already

---

[2] This principle is reflected in the Middle District Of Florida Discovery Handbook (2021) § II.A.(6) ("If information is sought from an organization, counsel should not seek in the first instance to take the deposition of the organization's senior management if someone else in the organization can be expected to have more direct and firsthand knowledge or information. Depositions are not properly used to inconvenience or distract senior management who may not be immediately involved in the dispute.").

deposed in this case, concerning the matters identified in [the] [d]efendants' motion to compel." No. 5:07-CV-501-OC-10GRJ, 2009 WL 928226, at *3 (M.D. Fla. Apr. 3, 2009).

In applying the doctrine to government officials, it is "generally accepted that heads of government agencies are covered by the apex doctrine." Fla. v. United States, 625 F. Supp. 3d 1242, 1246 (N.D. Fla. 2022) (internal citations omitted); see Odom v. Roberts, 337 F.R.D. 359, 363 (N.D. Fla. 2020) (explaining that "the federal courts have adopted a rule that generally exempts 'high-ranking' government officials from depositions when the individual lacks personal knowledge relevant to the case or some other witness could provide sufficient testimony") (internal citations omitted).

In the context of law enforcement, "[m]ost courts that have addressed the issue have held that sheriffs—regardless of the population or size of the jurisdiction in which they serve—are of sufficient rank to warrant protection from depositions." Odom, 337 F.R.D. at 364 (where the court only permitted limited deposition of the Sheriff after plaintiff deposed three individuals designated under Rule 30(b)(6) and the witnesses indicated that only the Sheriff would have the information sought). Similarly, "[n]umerous cases have held that police chiefs are high-ranking government officials who may not be deposed absent extraordinary circumstances." Spadaro v. City of Miramar, No. 11-61607-CIV, 2012 WL 3614202, at *2 (S.D. Fla. Aug. 21, 2012) (where the "[p]laintiff failed to meet his burden of demonstrating extraordinary circumstances necessitating the depositions of highranking [police] officials"); see Harvard v. Dixon, No. 4:19-CV-212-AW-MAF, 2022 WL 23042768, at *2 (N.D. Fla.

May 26, 2022) (applying the apex doctrine in preventing the deposition of the Secretary of the Florida Department of Corrections where plaintiffs did not meet their burden "[t]o show 'extraordinary circumstances' or a 'special need,'" where "plaintiffs had to—at the least—show that the information sought was essential to their claim and could not be obtained by other means").

Here, Plaintiff seeks to depose Chief Taylor, the highest ranking official at the Lakeland Police Department.  Therefore, he should not be subject to deposition unless Plaintiff can establish that he possesses unique firsthand knowledge of the facts essential to Plaintiff's claims which cannot be obtained through other means.

As set forth in Defendants' pending motion to dismiss, Plaintiff has concealed the facts essential to her claims behind vague allegations, buzzwords, and legal conclusions.[3]

In sum, Plaintiff alleges: Alex Greene was the subject of "a multi-agency law enforcement operation"; there was no operational plan created specific to Greene prior to their "encounter" with Greene; Greene "fled the scene"; the Federal agents "discontinued pursuit due to safety concerns" which are unspecified; Lakeland police

---

[3] Notably, given the vague nature of the Third Amended Complaint and the lack of non-conclusory allegations therein, Defendants do not believe an affidavit is appropriate or needed to support this motion at this time, nor is one required by law.  See Penrod Bros., Inc. v. City of Miami Beach, Fla., No. 1:23-CV-23362, 2025 WL 786493, at *3 (S.D. Fla. Mar. 12, 2025) (where "[t]he Court was not convinced that an affidavit foreswearing personal knowledge is a precondition to the apex doctrine applying" and granting the protective order preventing the deposition of the apex individuals.  Should Plaintiff seek specifically identifiable information pursuant to a 30(b)(6) deposition and/or from lower ranking individuals and be unable to obtain that specifically identifiable information from those depositions, Defendants can provide an affidavit at that time from Chief Taylor regarding whether he has unique personal knowledge of essential facts regarding the specifically identifiable information.

officers Harper and Connor continued the pursuit; in doing so, they failed to "notify or coordinate with the jurisdiction where the pursuit occurred" or "follow established pursuit policies and procedures"; they had not received training "for a multi-agency operation like the one at issue"; and this lead to "the unsafe escalation of the encounter." Doc. 71 ¶¶ 9-19. Plaintiff alleges that officer Harper "rammed" Greene's vehicle to "terminate [his] movement"; Greene fled on foot and then "entered another vehicle in an attempt to escape"; and that officer Harper took up a position "to the side of the vehicle and not in its direct path" and then fired his weapon without warning. Doc. 71 ¶¶ 20-30.Significantly, Plaintiff's Third Amended Complaint contains no allegations regarding Chief Taylor in any capacity. Indeed, although Plaintiff's prior iterations of the complaint included Chief Taylor as a party to the lawsuit, Plaintiff dropped all claims against Chief Taylor in the Third Amended Complaint. Moreover, Plaintiff does not allege that Chief Taylor was directly involved in the direct actions of the "multi-agency law enforcement operation" involving Alex Greene on February 6, 2023, or the pursuit and officer involved shooting that occurred that day. *See* Doc. 71 ¶ 9-30. That is because it is indisputable that Chief Taylor was not present for the surveillance, the pursuit, or the officer involved shooting.

As Counts I through IV and Count VI rely exclusively on what occurred during the surveillance, pursuit, and officer involved shooting, there are no firsthand facts that can be obtained from Chief Taylor or any other individual who was not present or who did not personally investigate the incident. To that end, it is undisputed that the Polk County Sheriff's Office conducted the investigation into the officer involved

shooting and issued the Officer Involved Shooting Report which was considered by the State Attorney's Office in determining the use of deadly force was justifiable. With respect to the Lakeland Police Department's Pursuit Review Board review of the pursuit at issue in this case, Chief Taylor is not a member of the Review Board and there are several Board members who can testify as to the review of the pursuit and the ultimate recommendation that the pursuit was within policy based upon that review.

With respect to Count V (Wrongful Death) and Count VII (Negligence), while Plaintiff may seek knowledge of individuals within the department as to subjects such as training, such knowledge regarding types of training provided to officers and the supervision of officers is not unique to the Chief and is known by numerous individuals in the command structure at the department. Plaintiff cannot identify any unique knowledge that Chief Taylor would have over other members of the command structure regarding training or supervision as they are applied to officers.[4]

Lastly, Plaintiff has made no effort to seek information from other means in this case. She has not sought to depose a 30(b)(6) corporate representative or sought to identify any individuals of lesser rank who have information which is essential to Plaintiff's claims. Indeed, due to the conclusory and vague nature of Plaintiff's claims,

---

[4] Although Defendants anticipate Plaintiff will raise a January 10, 2024, letter from State Attorney Brian Haas regarding his unsolicited lay opinion as to Defendant Harper's application of the Polk County Mutual Aid Agreement, Chief Taylor has no unique knowledge regarding the letter and it is undisputed that he received it. Chief Taylor did not draft the letter and the members of the Lakeland Police Department's Pursuit Review Board can explain why the letter is inaccurate and how their review determined that Captain Harper properly applied and followed the Mutual Aid Agreement.

it is unclear precisely what information Plaintiff is seeking from Chief Taylor or several of the other individuals whom she has noticed for deposition such as State Attorney Brian Haas or Polk County Sheriff Grady Judd.  Rather, it appears that these three individuals are being deposed as part of a flashy fishing expedition to compensate for Plaintiff's inability to plead non-conclusory factual allegations in her Third Amended Complaint and to harass and burden three busy and prominent public figures in the Lakeland community.

Accordingly, Plaintiff cannot meet her burden that Chief Taylor has unique, non repetitive, firsthand knowledge of the facts at issue or that other less intrusive means of discovery, such as depositions of other individuals or interrogatories, have been exhausted without success.

## CONCLUSION

Plaintiff has failed to meet her burden to establish the requisite extraordinary circumstances to depose Chief Taylor.  The Court should therefore grant Defendants' motion and enter a protective order prohibiting the deposition.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned hereby certifies that counsel for Defendants conferred with counsel for Plaintiff on or about May 7, 2026, but counsel were unable to reach an agreement regarding the issues raised in this motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 8, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all attorneys of record.

**GRAY ROBINSON, P.A.**

*/s/Richard Barry*
**RICHARD BARRY, ESQ.**
**Lead Counsel**
Florida Bar No. 360650
richard.barry@gray-robinson.com
clara.torres@gray-robinson.com
lea.williams@gray-robinson.com
**MATTHEW A. BOWLES, ESQ.**
Florida Bar No. 0123501
matthew.bowles@gray-robinson.com
carolyne.amengual@gray-robinson.com
301 East Pine Street, Suite 1400
Orlando, Florida 32801
Telephone:  (407) 843-8880
Facsimile:  (407) 244-5690
*Counsel Defendants*

*/s/ Matthew D. Jones, Esq.*
**MATTHEW D. JONES, ESQ.**
Florida Bar No.: 86003
Matthew.jones@gray-robinson.com
Post Office Box 3
Lakeland, Florida 33802-0003
Telephone: (863) 284-2251
Facsimile: (863) 683-7462

/4120287/49784#67094297 v1